JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFF MACY,<br><br>    Plaintiff,<br>  v.<br>SAN BERNARDINO COUNTY,<br><br>    Defendant. | No. 5:25-cv-00231-RGK-BFM<br><br>**ORDER REMANDING CASE TO STATE COURT** |

The Complaint in this action alleges that Defendant San Bernardino County[1] violated civil rights laws and state law. (ECF 1-1 at 2.) Plaintiff alleges claims for (1) Extortion, (2) Restricting Use of the Land, (3) Municipal and Supervisory Liability, and (4) Intentional Infliction of Emotional Distress. (ECF 1-1.) The Complaint was originally filed in the San Bernardino County Superior Court. On January 28, 2025, Defendant removed the matter to this Court. (ECF 1.) This Court *sua sponte* **remands** this action to the San Bernardino County Superior Court for lack of jurisdiction.

---

[1] Plaintiff named as Defendant the San Bernardino County Land Use Services Department. Defense counsel avers that the entity is properly sued as San Bernardino County. (ECF 1 at 1.)

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless otherwise expressly provided by Congress. 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A federal court may raise a lack of federal jurisdiction sua sponte. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Here, Plaintiff has not stated a substantial federal question. He alleges, without any elaboration, that a change of address for his vacant property, a change for which the Land Use Department "extorted" a fee from him, somehow violated his religious rights. He also seems to contend, without elaboration, that the Land Use Department is restricting the use of his "religious, nonprofit private property MacyLand," and refusing to remove all restrictions concerning the use of "religious, nonprofit private property MacyLand." (Compl. ¶¶ 6, 7, 16, 17.) His allegations lack substance and provide no foundation for his claim that the Land Use Department had knowledge of its deficient policies, practices, and customs as alleged with respect to the address change. (Compl. ¶¶ 8, 29.) Thus, Plaintiff has not stated a substantial federal question for purposes of jurisdiction in this Court. *See Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) ("A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.")

Because there is no non-frivolous federal claim stated, the Court lacks jurisdiction over the case.

**IT IS THEREFORE ORDERED** that this matter be, and hereby is, **REMANDED** to the San Bernardino County Superior Court of California, for lack of subject matter jurisdiction.

DATED: 2/11/2025

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE